UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERWIN SCOTT MCMILLAN,

    Petitioner,

v.    Case No. 16--14408

PAUL KLEE,    HONORABLE AVERN COHN

    Respondent.
_____/

## ORDER OF DISMISSAL

I.

This is habeas case under 28 U.S.C. § 2254. Petitioner Sherwin Scott McMillan ("Petitioner") is a state prisoner serving a life sentence for his 1989 conviction on two counts of first-degree criminal sexual conduct. As will be explained, this is Petitioner's second petition and the Court of Appeals for the Sixth Circuit recently denied Petitioner's application for permission to file a second or successive petition seeking to raise the same claims presented in the instant petition. Accordingly, the petition will be denied.

II.

In 2011, following unsuccessful direct and collateral appeals, Petitioner filed a petition under § 2254 which was assigned to the undersigned. McMillan v. Woods, 11-10390. The Court dismissed the petition as untimely. See Doc. 16 in case no. 11-

10390.  The Court of Appeals declined to issue a certificate of appealability.  See McMillan v. Woods, No. 12-1114 (6th Cir. May 7, 2012).

In 2016, Petitioner applied to the Sixth Circuit for permission to file a second or successive petition, arguing that his sentence is unconstitutional and that he was denied equal protection of the law at his sentencing hearing.  While that application was pending in the Sixth Circuit, Petitioner filed the instant petition, seeking to raise the same sentencing claims presented in his application to the Sixth Circuit.  In a letter and a notice addressed to the Clerk of the Court, Petitioner also asked the Court to hold this petition in abeyance until the Sixth Circuit issued a decision on his application.

On January 25, 2017, the Sixth Circuit denied Petitioner's application to file a second or successive habeas petition.  See In re:  Sherwin Scott McMillan, No. 16-1853 (6th Cir. Jan. 25, 2017).

### III.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  A federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. See Ferrazza v. Tessmer, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).

This petition is clearly a second petition for which Petitioner must get permission to file.  The Sixth Circuit has recently denied him permission to raise the issues

presented in the petition. Under these circumstances, the present petition must be dismissed.

III.

Accordingly, for the reasons stated above, Petitioner's habeas corpus petition is DISMISSED. His requests to hold the petition in abeyance pending a decision from the Sixth Circuit (Docs. 2, 6) is DENIED AS MOOT. Petitioner's request to proceed without prepaying fees or costs (Doc. 7) is DENIED AS MOOT because Petitioner paid the filing fee. Finally, because reasonable jurists would not debate this decision, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2), Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2017
       Detroit, Michigan